UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BRENNAN NORRED ET AL** | **CASE NO. 2:24-CV-01257** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WRIGHTS MANUFACTURED HOMES LLC ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the court is a *Motion for More Definite Statement* filed by defendant National Fire & Marine Insurance Company ("National Fire"). Doc. 13. The time to oppose the motion has passed with none being filed, making it ripe for resolution. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

After careful consideration of this motion and the applicable law, for the reasons that follow, **IT IS RECOMMENDED** that the motion be **GRANTED** and that Plaintiffs be ordered to file an amended complaint identifying National Fire's insured and setting forth allegations clarifying how National Fire's liability in the instant action arises, consistent with the pleading standards of Rule 8 of the Federal Rules of Civil Procedure.

### DISCUSSION

This suit pertains to an allegedly defective modular home purchased by Plaintiffs Brennan Norred and Fallyn Gary Norred (collectively, "Plaintiffs") from defendant Wright's Manufactured Homes, LLC ("Wright's"). Doc. 1, att. 1, pp, 1–2. Plaintiffs filed suit in the 38th Judicial District Court for the Parish of Cameron, Louisiana. Doc. 1, att. 1, p. 2. Named as defendants were

Wright's, along with Sunshine Homes, LLC; Robert L. Lee, d.b.a. Roberts Mobile Home Service, LLC; ABC Insurance Company; EFG Insurance Company;[1] and National Fire & Marine Insurance Company.  Doc. 1, att. 1, p. 5.  Defendant Sunshine Homes, Inc. (incorrectly named as Sunshine Homes, LLC in the petition) removed the matter to this court.  Doc. 1.

In its motion, National Fire states that it is unable to reasonably respond to the petition because "[o]ther than simply naming National Fire as a defendant, there are no allegations whatsoever that in any way indicate to whom National Fire allegedly issued any policies nor any allegations that would establish any potential liability of National Fire." Doc. 13, att. 1.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 12(d) of the Federal Rules of Civil Procedure states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Motions for more definite statement "are not favored and are granted sparingly."  *Residents Against Flooding v. Reinvestment Zone No. Seventeen, City of Houston, Texas*, 260 F. Supp. 3d 738, 757 (S.D. Tex. 2017), *aff'd*, 734 F. App'x 916 (5th Cir. 2018).

A motion for more definite statement should be granted only when the petition is "'so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" *Phillips v. ABB Combustion Eng'g, Inc.*, No. CIV.A. 13-594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013) (quoting *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.,* 235 F.R.D. 632, 633 (E.D. La.2006)).  The "district courts are afforded discretion to determine whether the complaint is such that a party cannot reasonably be required to frame a

---

[1] The fictitious insurer defendants have since been dismissed for failure to prosecute.

2

responsive pleading." *Jackson v. Bank One*, No. CV 05-1904, 2006 WL 8460519, at *5 (W.D. La. Feb. 13, 2006), *report and recommendation adopted,* 2006 WL 8460520 (W.D. La. Mar. 7, 2006). "[A] motion for more definite statement is not to be used to assist in getting the facts in preparation for trial as such. Other rules relating to discovery, interrogatories and the like exist for this purpose." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).

Having reviewed the petition, the Court agrees with National Fire that the petition does not provide an adequate basis for National Fire to assess its own potential liability or prepare a responsive pleading. *See, e.g.*, *Collins v. Benton*, No. CV 18-7465, 2021 WL 253756, at *7 (E.D. La. Jan. 26, 2021) (finding allegations too vague for court to decipher how an excess policy would apply to the accident at issue in litigation). The petition does not identify the insuring policy, National Fire's insured, or any circumstances giving rise to Plaintiffs' conclusion that National Fire bears liability for their damages.

## CONCLUSION

Accordingly, **IT IS RECOMMENDED** that the motion be **GRANTED** and that Plaintiffs be ordered to file an amended complaint identifying National Fire's insured and setting forth allegations clarifying how National Fire's liability in the instant action arises, consistent with the pleading standards of Rule 8 of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved

party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

      **THUS DONE AND SIGNED** in Chambers this this 15th day of September, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**